Staten v City of New York

2026 NY Slip Op 03251

May 21, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Claude Staten, Plaintiff-Appellant,

v

The City of New York, Defendant-Respondent.

The City of New York, Third-Party Plaintiff-Respondent,

ZHL Group, Inc. et al., Third-Party Defendants.

Decided and Entered: May 21, 2026

Index No. 30997/18|Appeal No. 6122|Case No. 2025-00662|

Before: Webber, J.P., Friedman, GonzáLez, O'neill Levy, Michael, JJ.

Decolator Cohen & Diprisco, LLP, Garden City (Carolyn M. Canzoneri of counsel), for appellant.

Harris Beach Murtha Cullina PLLC, New York (Andrew J. Orenstein of counsel), for respondent.

[*1]

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered January 21, 2025, which granted defendant's motion to dismiss the complaint, denied defendant's motion for a protective order as moot, and, in effect, denied plaintiff's cross-motion to compel, unanimously affirmed, without costs.

In this action for injuries related to the latent effect of exposure to construction dust and debris, the statute of limitations began to run when plaintiff discovered the primary conditions on which his claim is based, and not when he subsequently suffered worsened symptoms that necessitated transport to the hospital and time off from work (see Matter of New York County DES Litig., 89 NY2d 506, 509 [1997]).

Plaintiff testified that he experienced progressively worsening physical symptoms over the course of June and July 2017, which he attributed, at the time, to construction dust and debris, before the July 26, 2017 incident that resulted in his transport to the hospital. These symptoms included chest pains, shortness of breath and nausea. He complained to an NYPD plant manager about the construction dust and debris making him sick before the July 26, 2017 incident, and defendant put forth unrebutted evidence demonstrating that plaintiff's conversation with the NYPD plant manager necessarily occurred, at the latest, by July 22, 2017. In addition, the documentary evidence, including his medical record and notice of claim, established that prior to his hospitalization, plaintiff was aware of a change in his physical condition and attributed it to the construction debris. Thus, his symptoms were not "too isolated or inconsequential" to start the limitations period running before July 26, 2017 (see Ward v Lincoln Elec. Co., 116 AD3d 558, 559 [1st Dept 2014] [internal quotation marks omitted]). Nonetheless, plaintiff did not file his notice of claim, required by General Municipal Law § 50-e (1), until October 23, 2017, more than 90 days after he complained of the construction dust and debris causing him sickness. Thereafter, plaintiff never sought leave to file the untimely notice of claim before the expiration of the applicable 1 year and 90-day statute of limitations period. Thus, the court correctly dismissed plaintiff's complaint.

We have considered plaintiff's remaining arguments, including those related to the branch of the appeal concerning discovery issues, and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 21, 2026